Battle, J.
The motion to dissolve the injunction i.u. this ease was properly granted, and that for two verysuf *149 ficient reasons. The first, is, that all the material allegations, upon which the plaintiffs found their claim for- relief, are denied by the defendant; and the second is, that, taking the allegations of the bill to be true, they are not sufficient to entitle the plaintiffs to the relief, which they seek. The facts stated in the bill are, in substance, that the plaintiff, William, was entitled to certain credits for payments, which the defendant, as sherifFof Wilkes County, had in his hands against him ; that the defendant re* iused to allow these credits, and that, to settle the difficulty, which existed in relation thereto, between the said plaintiff and the defendant, the plaintiff, John, and the defendant entered into a written agreement to submit the matter in dispute to the arbitration of a gentleman selected by them and to abide by his award. This agreement, the plaintiff alleged, was artfully written by a son-in-law of the defendant, so as to preclude the arbitrator from taking into consideration, and allowing, some of the payments made by the plaintiff, William, beeause he had no written receipts for them, and that the arbitrator had in fact rejected them on that account.
The answer of the defendant, though containing much irrelevant matter, and consisting much more of argument than of blear and distinct statements, denies positively all these allegations, and, for this reason alone, the injunction would be dissolved. But, besides this, there is another objection fo it, apparent upon the face of t he bill. The payments, for which the plaintiffs insist, that the plaintiff, William, was entitled to a credit on the executions in the hands of the defendant, was a matter solely between the said William and the defendant. The bill does not state, that the plaintiff, John, was surety to the debt, for which the decree was obtained against William. It only says, that the plaintiff, John, was the father and surety of the plaintiff, William, without stating for what debt or in what manner he was surety. He was not, then, *150 for all that appears, interested in the state of the accounts between his son and the defendant, and, having voluntarily entered into the agreement for the submission to arbitration of the subject of dispute between his son and the defendant, and an award having been made thereon, he cannot have relief, except by impeaching the award for fraud or mistake, in the agreement for the submission or in the award itself. But there is nothing stated in the bill to raise those objections. The only allegation is, that t he agreement was artfully written by a son in law of the defendant, so as to prevent the arbitrator from considering and allowing any other payments made by the plaintiff, William, than those for which he had written receipts, contrary to the express understanding between the plaintiff, John, and the defendant; but it is not said, that the defendant procured the instrument to be so written, or that the parties gave the writer instructions, which he either perverted or mistook. The utmost effect, which can be given to the state ment in the bill, that the agreement was artfully written by a son-in-law of the defendant, is, that it insinuates a fraud, which cannot be taken, as a direct and positive charge; and without such a charge the plaintiffs will not be permitted to prove the fraud, and, of course, can have no relief on account of it. Story’s Eq. P. ch. 2 sec. 28 and ch. 5 sec. 255. The order made in the Court below, dissolving the injunction, is affirmed, but the answer of the defendant contains so many immaterial and irrelevant statements, which, so far from being responsive to the bill or necessary to his defence, tend only to show that he was grossly and criminally negligent of his official duty, as sheriff, that we cannot give him costs.
Per Curiam.
Decree accordingly.